UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES BUTTS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5912** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION: "P" (3)** |

### ORDER AND REASONS

Before the Court is the Motion for Leave to Modify Scheduling Order submitted by Plaintiffs, Charles and Linda Butts.[1] For the reasons that follow, **IT IS ORDERED** that the motion is **DENIED**.

### I. BACKGROUND

This case arises out of damage Plaintiffs' home allegedly suffered from Hurricane Ida in August 2021.[2] Two years later, Plaintiffs sued Defendant, State Farm Fire and Casualty Company ("State Farm"), in Louisiana state court, alleging State Farm failed to adequately pay for the losses covered by Plaintiffs' home insurance contract with State Farm and that, in addition to these losses, Plaintiffs have also suffered mental anguish for which they contend State Farm is responsible.[3] State Farm subsequently removed this action to this Court.[4]

The Court's original Scheduling Order set the deadline for expert disclosures and exchange of expert reports for April 11, 2025.[5] On April 8, 2025, State Farm deposed Plaintiffs, who described their past and current medical treatment and also identified treating physicians during their testimony, even though Linda Butts could not recall the names of some of her and her

---

[1] R. Doc. 32.
[2] R. Doc. 1-1.
[3] *Id.*
[4] R. Doc. 1.
[5] R. Doc. 15.

husband's current physicians.[6]  Plaintiffs' counsel represents that he learned for the first time at those April 8, 2025 depositions that his clients had been seeing new physicians whose names had not been disclosed to him.[7]

Even though the existence of new physicians was known to Plaintiffs and their counsel on April 8, 2025, Plaintiffs neither disclosed the names of the new physicians when expert disclosures were due three days later, on April 11, 2025, nor did Plaintiffs seek leave for additional time to disclose experts before the deadline expired.  In fact, it appears counsel for Plaintiffs did not endeavor to learn the names of the physicians until State Farm requested their names on May 19, 2025.[8]  Plaintiffs, who provided State Farm with the names of the physicians on May 19, sent State Farm "Supplemental Expert Disclosures," again naming the additional physicians, on June 13, 2025.[9] On June 16, 2025, State Farm filed a Motion to Strike the additional physicians to preclude them from testifying at trial.[10]

On July 2, 2025, Plaintiffs moved to continue the trial, which was scheduled to begin on October 20, 2025, and to extend any pretrial deadlines that had already expired.[11] The Court granted the motion to move the trial date and to extend the deadlines that had not already expired, but the Court expressly denied the request to extend deadlines that had previously lapsed, adding "Plaintiffs may seek such relief in a separate motion with a showing of good cause."[12] A scheduling conference was held on July 30, 2025, and the trial of this action was set for April 27,

---

[6] R. Doc. 32-3 at 3-5.
[7] R. Doc. 32-1 at 2.
[8] *See id.* at 3.
[9] *See id.* at 3; R. Doc. 32-8.
[10] R. Doc. 27.
[11] R. Doc. 29.
[12] R. Doc. 30.

2

2026.[13] Plaintiffs now seek to modify the scheduling order[14] to permit them to include the additional physicians as expert witnesses.[15]

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent."[16] "The good cause standard requires 'the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[17] In determining whether the movant has met its burden, the court must examine four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice.[18]

## III.    LAW AND ANALYSIS

Plaintiffs' explanation for failing to meet the deadline simply does not hold up to scrutiny. Plaintiffs contend their failure to timely disclose their treating physicians is due to Plaintiffs' advanced age and the fact that Plaintiffs' counsel did not learn they had new treating physicians until Plaintiffs were deposed on April 8, 2025.[19] But Linda Butts testified that her husband, Charles, underwent a heart procedure in 2023 and has been treated by the same physician, Dr.

---

[13] *See* R. Doc. 38.
[14] The Scheduling Order that gave rise to the instant motion (*see* R. Doc. 15) was superseded by the Amended Scheduling Order issued on July 30, 2025 (*see* R. Doc. 38), but as a result of the Court's ruling regarding the motion Plaintiffs filed related to the trial date and previously lapsed deadlines (*see* R. Doc. 30), the current operative Scheduling Order does not contain a deadline for expert disclosure. The Court will employ the traditional standard for examining whether the expert witness disclosure deadline in the original Scheduling Order should be "modified" (which would result in the addition of an expert disclosure deadline in the current Scheduling Order), taking into consideration the facts before it in light of the procedural history of this action.
[15] R. Doc. 32.
[16] FED. R. CIV. P. 16(b)(4).
[17] *Oglesby v. Masse Contracting, Inc.*, No. 19-CV-2360, 2020 WL 3063849, at *1 (E.D. La. June 9, 2020) (quoting *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).
[18] *S&W Enters.*, 315 F.3d 533, 536 (5th Cir. 2003) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).
[19] R. Doc. 32-1 at 5.

Walker, for a number of years.[20] Moreover, Linda Butts's testimony reflects a cogent and capable deponent, who recalled the last names of her husband's treating physician and one of her own.[21] The fact that Plaintiffs had received medical treatment was apparently known to Plaintiffs before April 8, 2025, and, as such, it was certainly knowable by Plaintiffs' counsel before April 8, 2025. Moreover, the fact that Plaintiffs' counsel was able to provide State Farm's counsel with the physicians' names on the same day State Farm's counsel first made the request, May 19, 2025, underscores the conclusion that the delay in disclosure was the result of a lack of diligence.[22] That Plaintiffs' counsel did not learn his clients were seeing new treating physicians until they were deposed further underscores this conclusion because this is the kind of basic information an advocate representing a client should have unearthed before the questions were asked by an adverse party in the clients' depositions.

As to the second factor, Plaintiffs assert that their proposed expert witnesses will testify regarding their mental anguish claims, and it appears the proposed testimony regarding Plaintiffs' conditions could be important to those claims. As to the third factor, while it is true State Farm would potentially suffer less prejudice now that trial in this matter has already been continued, the cost of conducting an additional four expert depositions (and any unknown follow-up discovery depending on what those depositions reveal) is not insubstantial. Finally, as to the fourth factor, the trial of this action has been reset following the recent continuance, and it seems likely the new trial date could, in the absence of other factors, also accommodate an extended period for expert discovery.

---

[20] R. Doc. 32-3 at 3-6.
[21] *Id.*
[22] R. Doc. 32-1 at 5.

While the balance of the last three factors tends to favor Plaintiffs, those factors are vastly outweighed by the insufficient explanation for the delayed disclosures. A federal court's Scheduling Order is a serious thing, and it bears repeating here that the good cause standard "requires the party seeking relief to show that, despite its exercise of diligence, it [could not] reasonably meet the scheduling deadlines."[23] Here, there has been no such showing. And Plaintiffs' counsel not only missed the deadline but waited an additional three months to file the instant motion for leave,[24] and then only after State Farm moved to strike the witnesses and the Court denied a prior request to extend the deadline after Plaintiffs failed in that filing to show good cause for noncompliance with the expert deadline. Accordingly, Plaintiffs have not satisfied the foundational condition of due diligence, and Plaintiffs' motion must be denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Modify Scheduling Order (R. Doc. 32) is **DENIED**. Plaintiffs shall not be permitted to present the testimony of the four individuals (Dr. Craig Walker, Dr. Richard M. Haydel, Dr. Donald Gervais, and Dr. Andre Guidry) identified in Plaintiffs' "Supplemental Expert Disclosures" (R. Doc. 32-8) at trial.

**IT IS FURTHER ORDERED** that, considering this Order, Defendant State Farm's Motion to Strike (R. Doc. 27) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 8th day of August 2025.



DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE

---

[23] *S&W Enters.*, 315 F.3d at 535.
[24] R. Doc. 32.